IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IXSIA PÉREZ-CASIANO** *Plaintiff*, v. **PUERTO RICO DEPARTMENT OF EDUCATION; COMMONWEALTH OF PUERTO RICO.** Defendants. | CIVIL ACTION Case No.: 25-01327 ADEA (Age), Title VII (Gender), Retaliation, §1983, Punitive Damages. DEMAND FOR JURY TRIAL |

## COMPLAINT

### I. INTRODUCTION

1. The plaintiff, *Ixsia Pérez-Casiano,* (hereinafter the "plaintiff") a dedicated career educator and schoolteacher, brings this *civil action* to assert her rights as result of being unjustly subjected to discrimination by her employer, the **Puerto Rico Department of Education (PRDE)**, for violations of her legal rights under federal and Puerto Rico law. The plaintiff has been subjected to ongoing retaliation, gender and age discrimination, a hostile work environment, and violations of her rights to free speech and her dignity.

2. The plaintiff brings this action pursuant to **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e et seq., the **Age Discrimination in Employment Act (ADEA)**, 29 U.S.C. § 621 et seq., and **42 U.S.C. § 1983** for constitutional violations of her rights under the **First and Fourteenth Amendments** of the United States Constitution.

3. Plaintiff also invokes the supplemental jurisdiction of this Court over claims arising under Puerto Rico statutory and constitutional law, including **Law 100 of 1959**, **Law 115 of 1991**,

1

**Law 44 of 1985**, and the **Constitution of the Commonwealth of Puerto Rico**, for violations of her rights to: Equal protection, freedom of expression, dignity, and other civil rights.

4. The plaintiff has exhausted administrative remedies required under federal law. She timely filed a charge with the **Equal Employment Opportunity Commission (EEOC)**, Charge No. **515-2025-00226**, alleging unlawful retaliation and discrimination. EEOC issued a **Notice of Right to Sue** on or about **March 26, 2025**. This complaint is being filed within ninety (90) days.

5. The plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees and costs, and all other remedies available at law and in equity to redress the injuries caused by the Defendant's unlawful conduct.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), and 42 U.S.C. § 2000e-5(f)(3) (Title VII enforcement), as Plaintiff's claims arise under federal statutes and the United States Constitution. This Court also has supplemental jurisdiction over Plaintiff's Puerto Rico law claims arises under 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because actions, omissions, and events giving rise to the claims occurred in this District and the Plaintiff was employed by the Puerto Rico Department of Education within the Commonwealth of Puerto Rico. The plaintiff demands a trial by jury on all issues so triable under federal and Puerto Rico law.

## III. PARTIES

8. The plaintiff, *Ixsia Pérez-Casiano*, is employed at all relevant times as a certified classroom teacher by the **Puerto Rico Department of Education (PRDE)** and remains employed under reassignment and subject to pending administrative termination proceedings. The plaintiff

is 62 years-old, *over the protective age of 40 years of age*, and has worked as an educator for over two decades. She is a member of protected classes under federal and Puerto Rico law, including age, gender, and she has engaged in protected speech and protected activities whilst employed.

9. **Defendant Puerto Rico Department of Education (PRDE)** is an administrative department of the Commonwealth of Puerto Rico, created under the 1952 Puerto Rico Constitution and organized and operated pursuant to the laws of Puerto Rico. Defendant is an "employer" within the meaning of Title VII, the ADEA, and applicable Puerto Rico laws. The PRDE is responsible for employment, discipline, and reassignment of teachers and administrative personnel, including Plaintiff. The PRDE operates public schools, supervises regional education offices (OREs), and employs supervisory and administrative staff involved in the actions and omissions described.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff *Ixsia Pérez-Casiano* ("Plaintiff") is a resident of the Commonwealth of Puerto Rico and a career public school teacher employed by Puerto Rico Department of Education ("PRDE" or "Defendant"). Plaintiff is 62 years old, over the age of 40, and has served as a public educator for 25 years, most recently teaching history in a public high school setting. At all times relevant to this Complaint, the Plaintiff was a teacher employed by Defendant and she entitled to the protections of both Puerto Rico and federal employment anti-discrimination laws.

11. Approximately on January 25, 2024, the Defendant imposed a series of adverse administrative actions against the Plaintiff, known as *"medidas cautelares"* or precautionary measures. These measures resulted in the Plaintiff being reassigned by Defendant to a special education services site located in Las Piedras, within the Humacao regional office (ORE). Though technically still employed by Defendant, Plaintiff was stripped of all her teaching responsibilities, removed from her classroom, and isolated in a functionally idle role. The reassignment stigmatized

3

the Plaintiff within the school community, undermined her professional reputation, and deprived her of access to meaningful professional development and advancement opportunities.

12. These measures were triggered by a parent complaint lodged in early 2024, which culminated in a Protective Order proceeding before the Puerto Rico Court of First Instance. Although the court initially extended the provisional order on February 20, 2024, on July 4, 2024 the Puerto Rico Court of Appeals vacated the order in its entirety. Despite the reversal of the order, Defendant *continued* to keep the Plaintiff under the "*medidas cautelares*" disciplinary measures. Subsequently, on September 30, 2024, the Defendant further escalated these actions by initiating an administrative termination proceeding against Plaintiff, with a pretextual excuse. No formal hearing ever was offered to the Plaintiff prior to imposing these disciplinary measures upon her.

13. The allegations supporting the adverse actions taken by Defendant against Plaintiff are *unsupported by any objective findings*. Following the Puerto Rico Court of Appeals judgment vacating the protective order against the Plaintiff, defendant undertook and completed a *sham* investigation into the Plaintiff that includes over 30 statements from students and parents obtained by defendant using coercive or suggestive interviewing practices.

14. Plaintiff's targeting began with the arrival of acting principal Vádelmis Martínez-Delgado in mid-2022. Martínez imposed arbitrary directives, openly reprimanded Plaintiff for minor matters, and created a hostile climate—culminating in baseless disciplinary efforts following a staff holiday event. In early 2023, Plaintiff's objections to irregularities at the student store led to an administrative complaint by Váldemis Martínez Delgado, the acting principal against Plaintiff. The incident included an exchange where Martínez Delgado remarked sarcastically "*estamos robando*" ("we're stealing"), to which Plaintiff replied, "*eso lo dices tú*" ("you said it"). The complaint was ultimately dismissed in September 2024.

4

15. The Plaintiff has long been a tireless advocate for the well-being of her students and for accountability within the Puerto Rico Department of Education. ***In September 2023, she filed a complaint with OSHA regarding a persistent sewage leak near her classroom—an ongoing health hazard that Defendant PRDE had failed to remediate***. Her complaint quickly became a rallying point for students, parents, fellow teachers, and non-teaching staff alike, drawing public attention and press coverage including television. Instead of addressing the dangers to students/teachers, Defendant reprimanded the plaintiff for the disclosure and branded her as insubordinate. Thus, began the Defendant's retaliatory actions against Plaintiff.

16. In early 2024, Plaintiff began *speaking publicly* about her mistreatment at the hands of her employer when placed under precautionary measures ("*medidas cautelares*"). Plaintiff made public statements to the media, including television, denouncing PRDE's misuse of "*medidas cautelares*", highlighting the absence of due process, punitive effects, and damage to her professional teaching career and mental health.

17. In direct retaliation for engaging with the media, Defendant PRDE, through its then Secretary of Education, issued a *press release* that was broadcast on the television program *"Día a Día"*. The press release that was used on screen included a statement prepared by Defendant that *disclosed confidential details from Plaintiff's personnel file*, referencing a 2021 letter of admonishment and prior disciplinary proceedings, none of which are relevant to the allegations herein. PRDE made no effort to anonymize or redact these sensitive materials from her personnel file from the press release. The press release and the extract appear on screen containing confidential details from her file was issued without Plaintiff's consent and clearly aimed at discrediting her before the public. After the press release aired, the Plaintiff was subjected to further stigma and reputational damage. The video was widely circulated, and the Plaintiff was identifiable by both her name and her school.

18. The misuse of internal disciplinary records to retaliate against her for *public speech* constituted a **violation of her constitutional right to privacy and freedom of expression** under the laws of the Commonwealth of Puerto Rico and the U.S. Constitution. At no point has Plaintiff been offered reinstatement to her classroom or provided any other meaningful opportunities for redress. She remains under punitive "*medidas cautelares*" conditions, professionally isolated, and subjected to an ongoing administrative termination process that lacks due process guarantees.

19. The plaintiff's age, gender, and engagement in protected speech and OSHA complaint, all served as motivating factors in PRDE's adverse employment actions. Similarly situated employees who had not engaged in protected activity or who did not belong to Plaintiff's protected groups because of their age and/or gender, were not subjected to the same treatment.

## V. CAUSES OF ACTION
### COUNT I – RETALIATION (TITLE VII)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

21. Defendant *retaliated* against Plaintiff for engaging in *protected activity* in violation of Title VII, 42 U.S.C. § 2000e-3(a).

22. Plaintiff seeks compensatory damages, injunctive relief, and attorneys' fees.

### COUNT II – SEX AND GENDER DISCRIMINATION (TITLE VII)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

24. Defendant discriminated against the Plaintiff based on her *gender* in violation of 42 U.S.C. § 2000e-2(a). Plaintiff is a *woman*, subjected to disparate treatment because of her gender.

25. Plaintiff seeks appropriate equitable relief, damages, and legal costs.

### COUNT III – HOSTILE WORK ENVIRONMENT (TITLE VII)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

27. Plaintiff experienced *severe* and *pervasive harassment* in violation of Title VII.

28. She seeks compensatory damages and corrective injunctive relief.

### COUNT IV – AGE DISCRIMINATION (ADEA)

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

30. The Plaintiff, over the age of forty, was subjected to adverse actions based on age, in violation of the ADEA, 29 U.S.C. § 623(a).

31. She requests reinstatement, back pay, liquidated damages, and fees.

### COUNT V – RETALIATION (PUERTO RICO LAW 115)

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

33. Defendant *retaliated* against Plaintiff for protected disclosures in violation of Law No. 115, 29 L.P.R.A. § 194a.

34. She seeks compensatory damages and reinstatement.

### COUNT VI – DISCRIMINATION (PUERTO RICO LAW 100)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

36. Defendant discriminated against Plaintiff on the basis of sex (gender) and age (over 40) in violation of Law No. 100, 29 L.P.R.A. § 146.

37. Plaintiff seeks statutory damages and reinstatement.

### COUNT VII – FREE SPEECH RETALIATION (42 U.S.C. § 1983)

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

39. Defendant retaliated against Plaintiff for exercising her rights under the First and Fourteenth Amendments, in violation of 42 U.S.C. § 1983. Specifically, *freedom of expression*.

40. Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

### COUNT VIII – RETALIATION UNDER FEDERAL OCCUPATIONAL SAFETY AND HEALTH ACT (29 U.S.C. § 660(c))

41. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

42. Under Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c), it is unlawful for an employer to discharge or otherwise discriminate against any employee because such employee "has filed any complaint…under or related to this chapter." On or about September 4, 2023, Plaintiff filed a health and safety complaint with the U.S. Occupational Safety and Health Administration (OSHA) concerning an ongoing severe sewage leak near her classroom which had not been addressed by school management.

43. In direct response to this protected activity, PRDE supervisors reprimanded Plaintiff and labeled her as insubordinate. Subsequent retaliatory actions included her reassignment under "*medidas cautelares*," public shaming, and the initiation of administrative proceedings seeking her termination. These adverse actions followed closely on the heels of her protected disclosures and fall within the ambit of unlawful retaliation prohibited by Section 11(c).

44. Plaintiff asserts a federal OSHA whistleblowing claim to preserve her rights and as a matter of equity.

45. Plaintiff seeks compensatory damages for reputational and emotional harm resulting from the retaliation, as well as declaratory and injunctive relief to prevent future retaliation.

**COUNT IX – RETALIATION UNDER PUERTO RICO'S OCCUPATIONAL SAFETY AND HEALTH ACT (Act No. 16 of 1975, as amended, 29 L.P.R.A. § 361 et seq.)**

46. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

47. Puerto Rico's Occupational Safety and Health Act, 29 L.P.R.A. § 361 et seq., protects employees from retaliation when they report unsafe working conditions. It is unlawful for an employer to discharge, discipline, or otherwise discriminate against any employee for exercising rights under the statute, including the filing of a health or safety complaint.

48. Plaintiff's complaint concerning the dangerous sewage leak constituted protected activity under Puerto Rico law. Instead of addressing the health hazard, PRDE retaliated by reprimanding her, initiating disciplinary measures, reassigning her to an administrative holding post, and proceeding with her termination. These actions were calculated to punish her for having raised concerns in good faith about the safety of her students and workplace.

49. The retaliation suffered by Plaintiff under Puerto Rico law mirrors that prohibited under federal law and entitles her to relief, including compensatory damages, declaratory relief, and an injunction preventing future retaliation.

**COUNT X – DISPARATE TREATMENT UNDER TITLE VII AND ADEA (42 U.S.C. §§ 2000e-2, 29 U.S.C. § 623)**

50. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

51. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any individual with respect to terms, conditions, or privileges of employment because of such individual's sex. Similarly, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., prohibits adverse treatment of individuals age 40 and older based on age.

52. Plaintiff is a woman over the age of 40 who has consistently engaged in protected speech. Defendant PRDE, however, treated her differently from similarly situated employees who are either male, under the age of 40, or less outspoken. Despite the existence of other employees that engaged in comparable or even more severe conduct, within this group, Plaintiff alone was subjected to public shaming, prolonged punitive "*medidas cautelares*," and disciplinary proceedings aimed at terminating her employment.

53. Upon information and belief, Defendant has not subjected male or younger employees who committed similar or more serious conduct to the same scrutiny or adverse treatment, and in most cases, no action was taken at all. This disparate enforcement of disciplinary policies demonstrates that Plaintiff's sex, age, and outspokenness were motivating factors in the adverse actions taken against her.

54. As a direct result, Plaintiff suffered loss of professional opportunities, damage to her reputation, emotional distress, and a chilling of her professional voice. She seeks declaratory, compensatory, and injunctive relief under Title VII and the ADEA.

**COUNT XI – DISPARATE TREATMENT UNDER PUERTO RICO LAW 100 (29 L.P.R.A. § 146 et seq.)**

55. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

56. Puerto Rico Law No. 100 of June 30, 1959, codified at 29 L.P.R.A. § 146 et seq., prohibits discrimination in employment on the basis of sex, age, and other protected categories. The law creates a presumption of discrimination when an employee is discharged, suspended, or otherwise adversely affected without just cause.

57. Plaintiff was subjected to adverse employment actions—including removal from her teaching duties, punitive "*medidas cautelares*," intentional public disclosure of confidential disciplinary matters, and the commencement of termination proceedings—without objective or proportionate justification. Meanwhile, PRDE has tolerated similar or more serious conduct by

other employees, including those outside Plaintiff's protected class, without imposing comparable discipline.

58. The differential treatment received by Plaintiff is not grounded in any legitimate nondiscriminatory explanation and gives rise to a statutory presumption under Law 100 that the employment actions were discriminatory. This presumption remains unrebutted.

59. As a result, Plaintiff is entitled to compensatory damages, injunctive relief, reinstatement, and the full range of remedies available under Puerto Rico law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff IXSIA PÉREZ-CASIANO very respectfully requests that this Honorable Court enter judgment in her favor and grant the following relief against Defendant PUERTO RICO DEPARTMENT OF EDUCATION: (1) Declaration that Defendant's conduct violated her rights under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), discrimination against Plaintiff based on sex and gender in violation of 42 U.S.C. § 2000e-2(a)., as well as violations of 42 U.S.C. § 1983, Puerto Rico Laws 100, 115, and 44, 29 L.P.R.A. § 361 et seq., and the Puerto Rico Constitution; (2) Injunctive relief ordering Defendant to immediately lift the punitive "*medidas cautelares*," that she be reinstated to her regular teaching position or a substantially equivalent role; (3) Cease ongoing retaliation or adverse actions, expunging her employment records; and (4) Implement internal corrective measures.

Plaintiff respectfully asks for compensatory damages for emotional distress, reputational harm, and financial losses; as well as punitive damages for defendant's willful misconduct; including back pay and front pay for lost earnings and benefits; nominal damages under 42 U.S.C. §1983; and an award of attorneys' fees, expert fees, and litigation costs under 42 U.S.C. §§ 1988 and 2000e-5(k), as well as applicable Puerto Rico laws. The plaintiff also seeks prejudgment and

postjudgment interest as provided by law. She demands a trial by jury on all triable issues and any further relief deemed just, proper, and necessary by this Honorable Court.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

In San Juan, Puerto Rico, this 18th day of June 2025.

**RESPECTFULLY SUBMITTED,**

/s/ **CARLOS E. MATOS**
Carlos E. Matos, Esq.
**USDC PR 309902**
PO Box 11249
San Juan PR 00922-1249
Tel: (787) 378-1002
Email: cemm787@gmail.com

/s/ **HUMBERTO COBO-ESTRELLA\***
Humberto Cobo-Estrella, Esq.
**USDC-PR 230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties of which counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*S/* Carlos E. Matos
*Attorney for Plaintiff*

(\*) Notice of appearance pending.