UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IXSIA PÉREZ-CASIANO,

      Plaintiff,

      v.

PUERTO RICO DEPARTMENT OF
EDUCATION, et al.,

      Defendants.

Civil No. 25-1327 (ADC)

## OPINION AND ORDER

Pending before the Court is United States Magistrate Judge Mariana E. Bauzá-Almonte's Report and Recommendation ("R&R") issued on March 10, 2026, in which she recommends that the Court dismiss the complaint in the above-captioned case in its entirety. **ECF No. 15**. For the reasons stated below, the Court **ADOPTS** the R&R and **GRANTS** the motion to dismiss at **ECF No. 10**.

## I.    Introduction and Procedural Background

On June 18, 2025, plaintiff Ixsia Pérez-Casiano ("plaintiff") filed an eleven-count complaint against the Puerto Rico Department of Education ("PR-DOE") and the Commonwealth of Puerto Rico ("Commonwealth" and together with PR-DOE, "defendants"). **ECF No. 1**. The complaint alleges that plaintiff, a 62-year-old public-school teacher with a 25-year career, suffered discrimination in the form of disparate treatment, hostile work environment, and retaliation by her employer, PR-DOE, on the basis of sex/gender and age and

because she engaged in protected activity/speech when she denounced a broken sewage pipe in her school and certain irregularities in the school store. She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 660(c), 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, U.S. Const. amend. I, XIV, and under several Puerto Rico laws and constitutional provisions. Plaintiff seeks declaratory, injunctive, and monetary relief against defendants. **ECF No. 1**.

On August 12, 2025, defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. **ECF No. 10**. Defendants argued that plaintiff's requests for monetary relief were barred by the Eleventh Amendment, U.S. Const. amend. XI, given that the PR-DOE is an instrumentality of the Commonwealth. Defendants also argued that plaintiff's claims under OSHA and its Puerto Rico law counterpart are non-actionable because neither statute creates a private right of action. Defendants further maintained that the allegations underlying plaintiff's Title VII claims fail to pass muster under a Rule 12(b)(6) analysis.

Plaintiff filed an opposition on August 26, 2025. **ECF No. 13**. As to the Eleventh Amendment issue, plaintiff maintained that her claims should survive notwithstanding immunity insofar as she seeks prospective injunctive and declaratory relief for ongoing constitutional violations, available under *Ex Parte Young*, 209 U.S. 123 (1908). *Id.*, at 7-10. To that end, plaintiff asked to be permitted to amend the complaint to include the individual state

officers as defendants "if the Court identifies any defect in party designation . . . or remedy phrasing." *Id.* at 7-8, 9. Regarding the OSHA and equivalent Puerto Rico law claims, plaintiff characterized these as "pleaded to show pattern," all but admitting that they are non-actionable. *Id.*, at 6. Plaintiff similarly characterized her ADEA claims as "pleaded in the alternative and non-essential" meant to "capture disparate treatment based on age . . . ." *Id.* And as to the Title VII claims, plaintiff argued that the allegations in the complaint were sufficiently plead to survive a Rule 12(b)(6) challenge. *Id.*, at 2-5.

The motion to dismiss was referred to United States Magistrate Judge Mariana E. Bauzá-Almonte for an R&R. **ECF No. 12**. The same was issued on March 10, 2026. **ECF No. 15**. There, the Magistrate Judge recommended the dismissal of all of plaintiff's claims. On March 24, 2026, plaintiff filed her objections to the R&R. **ECF No. 16**.

## II.    Legal Standard

United States Magistrate Judges are granted authority to make proposed findings and recommendations on a motion to dismiss, while the ultimate resolution of the motion remains at the discretion of the presiding judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *accord* L. Civ. R. 72(a)(1). Any party adversely affected by the recommendation issued may file written objections within fourteen days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing

*United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States*, Civ. No. 06–1004 (PG), 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).

To the extent a party's objections are little more than general or conclusory, without specifying which issues the party is objecting to, or where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review may be unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The court, however, "is not required to make

separate findings of fact or issue an opinion setting forth its own reasoning." *United States v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998)).

### III.  Discussion

#### A.  The R&R's findings and conclusions.

The Magistrate Judge divided her analysis in five parts. First, she analyzed the sufficiency of plaintiff's Title VII sex/gender discrimination claims, which include her disparate treatment, hostile work environment, and retaliation allegations. She found the allegations that plaintiff was discriminated against on the basis of sex or gender to be "threadbare" and "conclusory," as there was no mention of harassment based on those characteristics and no mention of any connection between the purported protected activity and a Title VII violation, among other deficiencies. **ECF No. 15** at 6-8. Second, the Magistrate Judge addressed defendants' sovereign immunity argument against plaintiff's age discrimination claims under ADEA, finding it meritorious. *Id.*, at 8-9. Third, the Magistrate Judge similarly found that plaintiff's constitutional claims under section 1983 were meritless given the fact that neither defendant is a "person" under the terms of the statute. *Id.*, at 9. She also concluded that plaintiff's offer to amend the complaint was procedurally insufficient and that no request to amend had been filed to date. *Id.*, at 9-10. Fourth, the Magistrate Judge analyzed plaintiff's federal and Puerto Rico workplace safety claims under OSHA and its Puerto Rico law equivalent. She found that neither statute created a private right of action. *Id.*, at 10-11. Fifth and last, the Magistrate Judge determined that plaintiff's claims under Puerto Rico's general anti-discrimination statute, Law 100 of June

30, 1959, P.R. Laws Ann. t. 29, § 146, and anti-retaliation statute, Law 115-1991, P.R. Laws Ann. t. 29, § 194a, fail as a matter of law. As to the Law 100 claim, it failed because the law does not create a cause of action against government agencies such as the PR-DOE. As to the Law 115 claim, the Magistrate Judge reasoned that it fails because Law 115 claims are largely symmetrical with their Title VII counterparts, and plaintiff's Title VII claims were insufficient to state a claim. Therefore, the Law 115 claim failed too. *Id.*, at 11-12.

### B.    Plaintiff's Objections to the R&R.

#### 1.    Dismissal of Title VII claims.

As to the dismissal of her retaliation, hostile work environment, and disparate treatment Title VII claims, plaintiff objects that the Magistrate Judge focused too narrowly on certain allegations and refused to see them in the whole. Plaintiff's almost singular focus is on the allegations of disciplinary and purportedly retaliatory measures taken against her.

As to her allegations of Title VII retaliation, she claims that:

The complaint alleges a broader pattern: plaintiff was singled out, subjected to escalating discipline, stripped of her teaching duties, and publicly discredited on television. It alleges that her age, gender, and engagement in protected speech and complaint activity all served as motivating factors in PR-DOE's adverse actions, and that similarly situated employees outside her protected groups were not treated the same way. . . . Plaintiff's Opposition to the Motion to Dismiss likewise argued that the retaliation theory rests not merely on the OSHA [complaint], but on [a] sequence of materially adverse actions—"*medidas cautelares*" removing Plaintiff from teaching, public press release weaponizing personnel information after she spoke out, and initiation of termination proceedings.

**ECF No. 16** at 4-5 (citation modified). As to her Title VII hostile work environment claim,

plaintiff maintains that:

> The complaint must be read as a whole, not by extracting one paragraph from the broader narrative. The complaint alleges more than isolated workplace friction. It pleads repeated public reprimands, arbitrary directives, administrative targeting, punitive reassignment, continued exclusion from teaching even after judicial vacatur, public airing of personnel-file information, and ongoing termination proceedings.

*Id.*, at 5-6. And regarding her Title VII disparate treatment claim, she argues that:

> The complaint alleges that plaintiff, a 62-year-old woman, was treated differently and more harshly than other employees outside her protected groups, and that similarly situated employees who had not engaged in similar protected activity or did not share her specific protected characteristics were not subjected to same punitive measures.

*Id.*, at 6. Plaintiff cites no law in support of any of the above objections.

The fundamental problem with plaintiff's Title VII claims is that the complaint is devoid

of any factual support to maintain a reasonable inference that any of the actions taken against

her were taken because she is a woman. Plaintiff's hostile work environment and disparate

treatment claims require that her sex or gender play a motivating factor in the employer's

discriminatory actions, and her retaliation claim requires compliance with the more exacting

"but-for" causation standard. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343, 348-49,

352 (2013). But every citation to the complaint included in plaintiff's objections refers back to

generic or conclusory allegations that do not do the work plaintiff needs them to do.[1] Nothing

---

[1] This includes plaintiff's attempts to allege so-called "comparator evidence," that is, that similarly situated men were treated differently than she was. *See* **ECF No. 16** at 4, 6. In the First Circuit, a complaint raising a disparate

in the complaint suggests that sex or gender was a motivating factor behind the PR-DOE's actions, much less their but-for cause. Indeed, plaintiff's main allegations are that she was retaliated against because she reported a health hazard in her school and supposed irregularities in a school store. The Court cannot see how that activity is related to activity protected under Title VII. The Court thus concludes as the Magistrate Judge did: far from establishing the factual plausibility of the discrimination allegations, they read more as a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That will not do. *Id.*[2]

Plaintiff's objection is **OVERRULED,** and the Magistrate Judge's recommendation is **ADOPTED.** Because plaintiff has failed to plead a plausible claim under Title VII, those claims are **DISMISSED WITH PREJUDICE**.

> **2.      Dismissal of plaintiff's claims under ADEA and workplace safety laws.**

In its objections, plaintiff all but concedes that she has no claims under ADEA or OSHA. *See* **ECF No. 16** at 9-10. Notably, despite having included separate causes of actions in her

---

treatment claim "need not plead facts . . . that establish a prima facie case under Title VII, [but] must contain facts that plausibly allege that the plaintiff experienced discriminatory employment action." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 271 (1st Cir. 2022) (citation modified). Accordingly, comparator evidence is not an element of a Title VII discrimination claim—although it is "powerful support." *Id.*, at 275 n. 10 (citing *Kosereis v. Rhode Island*, 331 F.3d 207, 214 (1st Cir. 2003)). Given the lack of other factual allegations supporting plaintiff's disparate treatment claim, her formulaic and generic allegations of men being treated less harshly than her is not enough to save her claim from dismissal.

[2] The absence of any plausible factual allegation of discrimination based on sex or gender leads the Court to suspect that plaintiff tried to shoehorn her grievances into Title VII to gain access to federal court. But "[i]nvoking the mantra of discrimination without any factual support is not enough to state a plausible claim," or to open the federal courthouse's doors. *Pacheco v. Becerra*, No. CV 23-1279 (ADC), 2024 WL 4362340 (D.P.R. Sept. 30, 2024).

complaint requesting relief under these statutes, she maintains that her ADEA claim was pleaded "in the alternative and non-essential" and as background evidence of her Title VII and constitutional claims. **ECF No. 13** at 6, **ECF No. 16** at 9. She also "recognizes that the federal OSHA retaliation theory may be time- or administratively barred . . . ." **ECF No. 16** at 9. Neither does plaintiff defend against the Magistrate Judge's recommendation that her claim under Puerto Rico's OSHA counterpart, Law 16 of August 5, 1975, P.R. Laws Ann. t. 29, §§ 361-361aa, be dismissed. *See* **ECF No. 15** at 10-11.

If these claims were, as described by plaintiff, intended only as background factual support for her other causes of action, then those allegations belong to a complaint's factual section, not in an affirmative request for relief. Plaintiff included **eleven** separate causes of action in her complaint, each one deserving independent legal analysis as to their sufficiency not only by defendants in the first instance, but by the Court in their adjudication. Plaintiff and her attorneys **are sternly admonished** for wasting the defendants' and the Court's time and resources on claims that she all but knew (or should have easily known) she had no grounds to claim relief under.

As to plaintiff's request that the dismissal of these claims be without prejudice, that request is denied. She has no plausible claim for relief under these statutes. If the facts are relevant for other causes of action she may have, that is a different matter which may or may not be affected by claim or issue preclusion, which the Court surmises is what plaintiff is concerned about. But under the statutes at issue, plaintiff has no claim.

Accordingly, plaintiff's objection is **OVERRULED,** and the Magistrate Judge's recommendation is **ADOPTED**. Plaintiff's claims under ADEA, OSHA, and Law 16 are **DISMISSED WITH PREJUDICE**.

### 3.    Dismissal of plaintiff's Puerto Rico employment law claims.

Plaintiff objects to the Magistrate Judge's recommendation to dismiss her Law 115 claims on the basis that they are largely symmetrical with the Title VII retaliation claims and should suffer the same fate. Plaintiff maintains that the pattern of misbehavior pled in the complaint is "independent support" for her Law 115 retaliation claims and that her protected speech activity was not limited to the OSHA matter but focused on events that took place after the PR-DOE took action against her. *Id.* However, this distinction is without substance. Plaintiff has failed to allege that she engaged in protected activity in relation to a discriminatory practice. No matter how plaintiff spins it, the factual predicate of her complaint is devoid of any discriminatory motive for the actions the PR-DOE took against her. The Court fails to see how her Title VII retaliation claims could fail but her Law 115 claims could survive. As the Magistrate Judge pointed out, these two are "largely symmetrical in scope." *Vélez v. Janssen Ortho, LLC*, 467 F.3d 802, 809 (1st Cir. 2006). Taken as true, the allegations do not reflect a violation of either Title VII or Law 115.

Plaintiff also objects to recommendation that her Law 100 claims be dismissed because the statute does not apply to employees of a government instrumentality. **ECF No. 16** at 10. Plaintiff "recognizes" that "there may be statutory or forum-related limits" preventing her from

claiming relief against the PR-DOE and hints that it may have to do with unspecified "*Pennhurst* or sovereign immunity principles." *Id.* Thus, she asks that the Court dismiss the claim without prejudice. *Id.* The Court fails to see how plaintiff's objection addresses the legal conclusion reached by the Magistrate Judge that Law 100 does not apply to the PR-DOE. The Magistrate Judge's reasoning is not based on sovereign immunity principles but rather on the legislative intent behind the statute's scope. *See* **ECF No. 15** at 11. Plaintiff simply has no claim against the PR-DOE under Law 100.

Accordingly, plaintiff's objection is **OVERRULED,** and the Magistrate Judge's recommendation is **ADOPTED**. Plaintiff's claims under Puerto Rico Law 115 and Law 100 are **DISMISSED WITH PREJUDICE**.

### 4. Dismissal of plaintiff's constitutional claims and absence of request for leave to amend the complaint.

As to plaintiff's claims under 42 U.S.C. § 1983 that the PR-DOE violated her constitutional rights to free speech and due process of law under the First and Fourteenth Amendments, U.S. Const. amend. I, XIV, the Magistrate Judge accepted the defendants' position that they are immune from any monetary claim in federal court under the Eleventh Amendment, U.S. Const. amend. XI, and that they are not "persons" for purposes of Section 1983. **ECF No. 15** at 9. Plaintiff does not dispute that defendants do not fall under section 1983's definition of "person." That is sufficient for this Court to adopt the Magistrate Judge's recommendation to dismiss plaintiff's constitutional claims. However, plaintiff does argue that she should be able to prosecute her

claim for prospective injunctive and declaratory relief under *Ex Parte Young*, 209 U.S. 123 (1908)—that is, if she is granted leave to amend the complaint to include the appropriate government officials. **ECF No. 16** at 7-8.

The Magistrate Judge considered plaintiff's position on amending the complaint and rejected it. Citing to *StandWithUs Ctr. for Legal Just. v. Mass. Inst. of Tech.*, 158 F.4th 1, 26-27 (1st Cir. 2025), the Magistrate Judge concluded that merely offering to amend a complaint in response to a motion to dismiss does not mean that a plaintiff has made a proper request for leave to amend under Fed. R. Civ. P. 15(a). **ECF No. 15** at 9-10. She is correct. Rule 15(a)(1) allows a party to amend a pleading without leave of court "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff decided to contest the motion and not amend the complaint. Even after the twenty-one days elapsed, plaintiff could have sought leave from the Court to amend the complaint under Rule 15(a)(2). Again, she did not do so. And even after the Magistrate Judge issued her R&R explaining her reasoning on why plaintiff should not be understood to have properly requested leave to amend, plaintiff again doubled down on her strategy, filing objections instead of requesting leave to amend. Accordingly, the Court sees no error in the Magistrate Judge's reasoning, as there is no pending request for leave to amend the complaint under Rule 15(a)(2) that the Court must consider.

Consequently, the Court **OVERRULES** plaintiff's objection and **ADOPTS** the Magistrate Judge's recommendation. Plaintiff's section 1983 claims against the PR-DOE and the Commonwealth are **DISMISSED WITH PREJUDICE**.

## IV.    Conclusion

For the reasons stated above, the Court **OVERRULES** plaintiff's objections at **ECF No. 16**, **ADOPTS** the R&R at **ECF No. 15** in full, and **GRANTS** the motion to dismiss the complaint filed by the PR-DOE and the Commonwealth at **ECF No. 10.** Plaintiff's claims are **DISMISSED WITH PREJUDICE**.[3] The Clerk of Court shall enter Judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2026.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**

---

[3] Whether plaintiff may or may not obtain relief under *Ex Parte Young* against a proper government defendant is not a question before the Court and should not be read as being comprised within this ruling.